IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 8, 2009

## STATE OF TENNESSEE v. MARK ANTHONY HAYNES

**Direct Appeal from the Circuit Court for Bedford County**
**No. 16669    Lee Russell, Judge**

_____

**No. M2009-00503-CCA-R3-CD - Filed January 7, 2010**

_____

The defendant, Mark Anthony Haynes, pled guilty in the Bedford County Circuit Court to three counts of violation of the sex offender registry law, a Class E felony, and was sentenced to consecutive terms of one year, six months for each offense, for a total effective sentence of four years and six months in the Department of Correction. On appeal, he argues that the trial court erred by denying his request for alternative sentencing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Andrew Jackson Dearing, III, Assistant Public Defender, for the appellant, Mark Anthony Haynes.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The defendant was indicted in 1990 for forty-seven counts of aggravated sexual battery based on his abuse of his stepdaughter, which occurred over a four-year period beginning when the child was four years old. In 1991 he pled guilty to two of the counts and was sentenced to two consecutive ten-year terms in the Department of Correction. He completed his sentences in 2004, was released from prison, and registered as a violent sexual offender pursuant to law. In October 2008, the Bedford County Grand Jury indicted him for three counts of violation of the sexual offender registry law based on his failure to report changes in his address and employment and the fact that he was discovered to be sharing a residence with his girlfriend and her six-year-old daughter. On December

4, 2008, the defendant pled guilty to all three counts of the indictment in exchange for consecutive terms of one year, six months for each offense, with the manner of service of the sentences left to the trial court's later determination.

The only evidence introduced at the January 8, 2009, sentencing hearing was the defendant's presence report, which reflected that the forty-eight-year-old defendant was currently employed at Prologix Distribution Services and had maintained fairly constant employment since his 2004 release from prison. The defendant reported that his current employer did not know he was a convicted sexual offender and that he had lost a previous job when a former employer learned of his sex offender status. He blamed simple procrastination for his failure to register his job change and stated that he had been homeless and living in his truck at the time he fell in love with his present fiancée. The defendant reported that he had abused marijuana from the age of 15 until his arrest for sexual battery in 1990, and "blamed his marijuana abuse for his previous criminal conduct." He reported, however, that he had not used alcohol or drugs since his release from prison in 2004.

At the hearing, defense counsel argued that the defendant's offenses were not that serious and requested that the trial court therefore sentence him to probation, community corrections, or some sort of split confinement. The trial court, however, denied alternative sentencing, finding that the defendant was a poor candidate for rehabilitation and that confinement was necessary to avoid depreciating the seriousness of the offenses.

## ANALYSIS

The defendant contends that the trial court erred in denying his request for alternative sentencing, arguing that he should have been sentenced to either probation or community corrections.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices

for similar offenses, (h) any statements made by the accused in his own behalf, and (i) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210 (2006); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2006), Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6) (2006)). Instead, the advisory sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D, or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2006).

Tennessee Code Annotated section 40-35-303(a) states that a defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he is a suitable candidate for probation. Id. § 40-35-303(b); State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. Bingham, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis. Id. Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. Goode, 956 S.W.2d at 527. Another appropriate factor for a trial court to consider in determining whether to grant probation is a defendant's credibility or lack thereof, as this reflects on the defendant's potential for rehabilitation. Id. Also relevant is whether a sentence of probation would unduly depreciate the seriousness of the offense. See State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997); Bingham, 910 S.W.2d at 456.

To qualify for consideration for punishment in the community, an offender must meet all of the following criteria:

> (A) Persons who, without this option, would be incarcerated in a correctional institution;

> (B) Persons who are convicted of property-related, or drug-or alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

(C) Persons who are convicted of nonviolent felony offenses;

(D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]

(F) Persons who do not demonstrate a pattern of committing violent offenses[.]

Tenn. Code Ann. § 40-36-106(a)(1) (2006). Under the "special needs" provision of the statute, an offender who does not otherwise meet the criteria above "and who would be usually considered unfit for probation due to histories of chronic alcohol or drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community" may be considered eligible for a community corrections sentence. Tenn. Code Ann. § 40-36-106(c) (2006).

A trial court may deny alternative sentencing and sentence a defendant to confinement based on any one of the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1) (2006).

The trial court based its denial of alternative sentencing on the defendant's poor potential for rehabilitation as well as the need to avoid depreciating the seriousness of his crime. The trial court's ruling states in pertinent part:

I find that the presumption has been overcome in this case. I am considering all the factors set out in the statutory scheme. And in this case, I am particularly concerned about his potential or lack of potential for rehabilitation, including the risk of committing another crime while on probation. And I will direct counsel's attention to 40-35-103[(5)]. My concern here is that indeed he was not committing crimes while he was incarcerated. And now he is not only not meeting the technical

-4-

requirements of the reporting statute -- and I would be the first to agree, I suspect the General would, that it's a very, very elaborate and technical statute. But he was living with a minor in the same age range that his victim had been before he went to the penitentiary before. There is no question he knew that was not something he was allowed to do. And . . . respectfully, I'll have to disagree with my good friend [defense counsel], I think that's a very serious crime. When someone with this record of sexual activity is living with a minor, that's a very serious matter in my mind.

We find no error in the trial court's sentencing determinations. As the trial court noted, the disturbing aspect of the case is not the defendant's failure to timely report his address and employment changes, but the fact that he was discovered to be living with a child who was in the same age range as was his stepdaughter at the time he committed the aggravated sexual batteries against her. The defendant reported that he had not used alcohol or drugs since his release from prison and, thus, could not blame his decision to live with a minor child on any impairment in his thinking caused by chronic drug or alcohol abuse. We conclude, therefore, that the record fully supports the trial court's denial of the defendant's request for a sentence involving probation or community corrections.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE